THOMAS KIDD *vs.* THOMAS J. MANLEY et al.

The act of congress of 27th March, 1804, provides that all records and exem-plifications of office books, kept in any public office of a State, not apper-taining to a court, shall be proved by the attestation of the keeper of said records or books, and his seal of office, if there be one, together with the certificate of the presiding justice of the court of the county or district in which the office may be kept, or of the governor, secretary of State, chan-cellor, or keeper of the great seal, that the attestation is in due form and by the proper officer, &c. *Held*, that the certificate of the clerk of another court as to the official character of the public register who certifies to the correctness of the copy of the deed of gift, and that it is a true and perfect transcript of the original, followed by certificates of the official character of that clerk, is not such an authentication of the deed as the law requires, to admit it as evidence.

It is a cardinal rule of pleading in equity, that a party cannot be permitted at the hearing to show a title different from that set up in his bill; nor can proof be offered or relief granted upon facts not stated in the bill.

ON appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

The facts of the case are contained in the opinion of the court.

Kidd *v.* Manley et al.

*G. S. Yerger,* for appellant.

It is clear that the deed is proved in accordance with the law of North Carolina. The proof of deeds in that State, is taken before the court, and the proof entered on the minutes. The indorsement on the deed, and the transcript filed, clearly prove this deed was proved as required by the law of North Carolina. 1 Rev. Stat. of N. C. 230, § 17, 18, 19, 22; *Burgess* v. *Wilson,* 2 Dev. 306; *Horben* v. *Hughes,* 1 Hawks, 48.

In Tennessee, where the same law prevails, such proof held good. *Love* v. *Shields,* 3 Yerg. 406.

An official certificate is always *primâ facie* evidence, where the matter certified to is within the official duty of the officer. *Gum* v. *James,* 6 Mo. R.; *Newman* v. *Doe,* 4 How. 522.

The certificate of the record, under the act of congress, is not only good, but is more specific than necessary. The certificate states it is a perfect copy from the minutes and the records, &c. In the case of *Ferguson* v. *Harwood,* 7 Cranch, 408, 410, such certificate is held sufficient.

The clerk's certificate is not under seal of court, but it states there is none. The act of congress only requires it to be under seal of court, where there is a seal. *Laws U. States,* 122. If the fact appear in the certificate of the judge, or of the clerk of the court, that there is no seal of court, his own seal is sufficient. *Kerlland* v. *Smith,* 2 Martin, N. C. 497; *Allston* v. *Taylor,* 1 Hayw. 395; *Gray* v. *Brown,* 1 Peters, C. C. R. 352.

The certificate of the judge is also in due form, having all in it that the act of congress requires. *Lee* v. *Gause,* 2 Iredell, 440.

It is manifest, then, that the deed is proved clearly. Upon the death of Robert Willis, his children were entitled, under this deed, as tenants in common.

The defendants rely on the statute of limitations. There is no proof in the case that D. Willis ever had the slaves in his possession, claiming and holding them adversely to complainant.

*Potter,* for appellee.

There is no proof that the deed was ever duly proven and ad-

mitted to record. The entry copied by Howell identifies noth-
ing. It may apply to some other deed. In such cases the
deed should be spread on record. But there is a palpable vari-
ance here. The entry refers to "a deed of gift," an absolute
deed to Robert Willis. What is the one presented? It gives
Robert only "the work and labor" of a slave, for his life, re-
mainder over. No man can say this is the deed referred to.
The indorsement by the clerk is nothing, for a proof in court
must be shown of record. *Munn* v. *Lewis*, 2 Port. 24.

It is plain that the pretended original, exhibit A., to bill, is not
proven and must be rejected. Objections are filed to both these
documents.

Complainants have, therefore, failed to prove the title set up
in the bill.

But suppose the deed of gift established. Robert Willis
died in 1827, 1828, and thereupon the right of possession was
with those in remainder, and they had both the right of property
and right of possession. Mrs. Balls married in 1829, and her
share vested in her husband. The proof shows that he knew
of the mortgage, knew that David Willis claimed and used the
property as his own; and so far from claiming any title in him-
self, he expressly denied that he had any.

Mrs. Smith claims as daughter of Alexander Willis, who
died in 1836. So far as the proof shows, he never had posses-
sion or claimed title, whilst others did. The bar began to run
and was perfected against him. So as to Mrs. Smith; she was
barred, so far as the record shows, before her marriage. So, as
to Mrs. Kidd; she married in 1844, and right of possession
was in her from the death of Robert Willis in 1828–9. There
is no proof that Kidd or his wife, or Alexander Willis, or
Smith or his wife, ever had possession. Smith married in 1836,
and became owner of his wife's share. Is he not barred? Did
not the adverse possession from 1828 to 1844, bar Mrs. Kidd?

The rules of law applicable to the case are plain. Relief
cannot be granted upon facts not charged in the bill, although
such facts are proven. Story, Eq. Pl. § 257. Such possession
as will enable defendant to plead statute of limitations, vests
the title to personalty in him. See cases cited in my brief in
3,314, submitted with this.

That title vested in the husbands, see cases in that brief. If a *feme sole* has title to personalty in remainder, the same on her marriage vests in her husband, and the right will not survive to her. *Wade* v. *Alexander*, 1 Wash. 30. The possession of the tenant for life is his possession.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill in chancery filed by the appellant and others, claiming title to certain negro slaves. The ground of the claim is a deed of gift alleged to have been executed by one George Willis, in the year 1800, in the State of North Carolina, whereby the mother of the slaves in controversy was given for life to Robert Willis, with remainder to his heirs. Robert Willis took possession and held possession until his death, and the complainants now claim title as remainder-men under the deed of gift, a copy of which is exhibited.

The appellees, as administrators of David Willis, one of the children of Robert Willis, deny the title of the complainants, and insist that David Willis held the slaves for more than six years before his death, adversely, and rely upon the statute of limitations; and among other acts of ownership on his part, they state that he mortgaged the slaves to the appellee Bernard, as his own property, which mortgage is still outstanding and unpaid. They deny the validity of the deed of gift relied on by the complainants.

On the final hearing, the bill was dismissed.

The vital question, and that first presented in the case is, whether the copy of the deed of gift relied on by the complainants, is sufficiently authenticated to admit it in evidence to support the claim.

The execution of the deed appears to be proved in conformity to the laws of North Carolina, but the authentication of the copy as evidence is denied.

In this respect, the copy shows that after the deed had been proved in the court of pleas and quarter-sessions of the proper county in North Carolina, it was registered and recorded in the office of the register of the county of Robeson in that State. There is a certificate by Thomas A. Norment, the register,

stating that the copy is a true and perfect transcript of a deed of gift in his office, &c. Then follows a certificate of Shadrach Howell, the clerk of the court of pleas and quarter-sessions, stating, among other things, that Thomas A. Norment was, at the date of the first certificate, public register, &c. Then follows a certificate from Thomas N. Norment, presiding magistrate and chairman of the court of pleas and quarter-sessions, that Shadrach Howell was clerk of that court, and then there is another certificate by Howell, as clerk, that Norment was presiding magistrate, &c., of the court of common pleas.

The act of congress of 27th March, 1804, prescribes that all records and exemplifications of office books, kept in any public office of a State, not appertaining to a court, shall be proved by the attestation of the keeper of said records or books, under his seal of office, if there be one, together with a certificate of the presiding justice of the court of the county or district in which the office may be kept, or of the governor, secretary of State, chancellor, or keeper of the great seal of State, that the attestation is in due form, and by the proper officer, &c.

It is manifest that there is no such certificate here as is required by this act, of the official character of the keeper of the record of this deed. Instead of the certificate of his qualification by the presiding justice of the county or district court, or of the governor, secretary of State, or keeper of the great seal of the State, there is simply the certificate of the clerk of another court as to the official character of the register, followed by certificates of the official character of that clerk. The authentication of the deed was, therefore, insufficient, and the copy was inadmissible.

But it is contended in behalf of the appellant, that, apart from the title of the complainants derived from the deed, the bill shows that they are the children of Robert Willis, and that he died in possession of the slaves, and that the complainants are entitled to them as his distributees.

It is a sufficient answer to this position, that such is not the title set up in the bill. They claim title under the deed, and rely upon it as the foundation of their present demand; and it is a cardinal rule of pleading in equity, that a party cannot

be permitted at the hearing to show a title different from that set up in his bill, nor can proofs be offered or relief granted upon facts not stated in the bill. Story, Eq. Pl. § 28, 257.

Several other questions have been discussed by counsel, but the views above taken dispose of the case, and they are not necessary to be considered.

The decree is affirmed.

A petition for a reargument in this case was filed by the counsel for the appellant, but the court refused to grant a reargument.